

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**DIVISION**

|   |   |
|---|---|
| Cook County Deputy Sheriff | ) |
| Calvin L. Fields Star #10334 | ) |
| Prose | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) |
| | ) |
| The Honorable Sheriff of Cook County | ) |
| Tom Dart | ) |
| **Defendant One** | ) |
| | ) |
| State Of Illinois Law Enforcement | ) |
| Training Board and its Active Members | ) |
| **Defendant Two** | ) |
| | ) |
| The State of Illinois | ) |
| Attorney General; Lisa Madigan | ) |
| **Defendant Three** | ) |

**FILED**

MAR 1 0 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

16-cv-03032
Judge Rebecca R. Pallmeyer
Magistrate Judge Jeffrey T. Gilbert

Now comes the Plaintiff being Cook County Deputy Sheriff Calvin L. Fields Star #10334, hereon to be referred to as "Plaintiff", versus The Honorable Sheriff of Cook County being Tom Dart listed above hereon referred to as "Defendant #1", along with State of Illinois Training Board and its Active members hereon referred to as Defendant #2. In addition to The State of Illinois Represented By Attorney General Lisa Madigan also hereon referred to as Defendant #3. Now seeks a legal remedy before this Honorable Court in the matter of Age Discrimination in Employment, under Title 29-Chpt 14.

**<u>Jurisdiction Of this Honorable Court</u>**

The jurisdiction of the court is invoked pursuant to the ADEA , TITLE 29 - LABOR CHAPTER 14 - AGE DISCRIMINATION IN EMPLOYMENT, Sec. 630.Definitions (a) (b).Sec. 633. Federal-State relationship (a) (b) The Notice of right to Sue issued and dated on 12/17/2015 by the U.S. EEOC, signed by Julianne Bowman attached to this Complaint.

(1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided*, That the right of any

Con't

person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.

### Background

The Plaintiff Calvin L. Fields now 55yrs of age hereby states the following claim to be true and factual to the best of his abilities, that on 05 Oct 1992 was hired as a Deputy Sheriff within the Cook County Sheriff Dept. Upon the completion of Deputy Sheriff Academy and its training of which was geared toward Law Enforcement training, but lack the hours of training and only certified the plaintiff as

Deputy Sheriff/Correctional Officer, to which he was thereby assigned to the Court Services Division of which was not part of the County Correctional Dept. After numerous years of working in the courts, the plaintiff later transferred to the street unit known as the Court Services Civil Division in Eviction, Warrants and Levies, where to date still works.

The Plaintiff additionally states that never in his career has he work or was ever assigned in a correctional capacity, or penal institution and has always held the title of Deputy Sheriff. As such if the plaintiff was ever able to receive Law Enforcement certification it meant having to apply for the position of a "Deputy Sheriff Police Officer" within the Cook County Sheriff Dept. And once being accepted, meant needing to resign as a Deputy Sheriff. With this dilemma present in the department, the collective Bargaining agent/union being Teamster Local #700 for the plaintiff and along with other members of the department, negotiated a side letter of agreement for Law Enforcement Certification dated 08 May 2013, as part of the Collective Bargaining Agreement dated on previously mentioned attach as Exhibit#1. As a result the Deputy Sheriff Court Services Academy was thus Eliminated and any new hires must come through the Correctional Dept. as shown in Exhibit #2.

In Exhibit #3, Defendant #1 along with the support of Defendant #2 still persist in its entry level approach to Law Enforcement Certification (L/E), even with the Plaintiff and other aging members of the Court Service Civil Division. Members who have completed the L/E certification course have only to return to do the very same job presently being done by the Plaintiff and other members in the Court Services Civil Division. This meaning the serving of court Ordered Summons, Warrants criminal/civil, execution of eviction orders along with orders of protections, weapons recovery, lastly to date present assignment being that of "Writs of Replevins" and court ordered Levies in the Levy Section.

A sheriff or other officer of the law can be ordered by a court to make a levy against any property not entitled to an exemption. The court can do this with an order of attachment, by which the court takes custody of the property during pending litigation, or by execution, the process used to enforce a judgment. The order directs the sheriff to take and safely keep all non-exempt property of the defendant found within the county or as much property as is necessary to satisfy the plaintiff's demand plus costs and expenses. The order also directs the sheriff to make a written statement of efforts and to return it to the clerk of the court where the action is pending. This report, called a return, lists all the property seized and the date of seizure.

Con't

Moreover as that the plaintiff has sustain injuries, while on duty of which are still pending in the Illinois workman compensation court(IWCC), under case #13wc020659,#15wc024895. The fact of doing extensive physical training on a daily basis and to only return to perform a position for which is already being done doesn't seem realistic. The Plaintiff hereby cites the following Illinois State Statute as it violates Title 29-Labor Chapter 14 as it applies to Defendant #1,#2,#3 to Count 1 that follows:

## LOCAL GOVERNMENT
## (50 ILCS 705/) Illinois Police Training Act.

50 ILCS 705/2) (from Ch. 85, par. 502)
    Sec. 2. Definitions. As used in this Act, unless the context otherwise requires:

"County corrections officer" means any sworn officer of the sheriff who is primarily responsible for the control and custody of offenders, detainees or inmates

  "Court security officer" has the meaning ascribed to it in Section 3-6012.1 of the Counties Code.

  "Law enforcement officer" means (I) any police officer of a local governmental agency who is primarily responsible for prevention or detection of crime and the enforcement of the criminal code, traffic, or highway laws of this State or any political subdivision of this State

### 55 ILCS 5/) Counties Code
    (55 ILCS 5/3-6012.1)
    Sec. 3-6012.1. Court security officers. The sheriff of any county in Illinois with less than 3,000,000 inhabitants may hire court security officers in such number as the county board shall from time to time deem necessary. Court security officers may be designated by the Sheriff to attend courts and perform the functions set forth in 3-6023. Court security officers shall have the authority to arrest; however, such arrest powers shall be limited to performance of their official duties as court security officers. Court security officers may carry weapons, upon which they have been trained and qualified as permitted by law, at their place of employment and to and from their place of employment with the consent of the Sheriff. The court security officers shall be sworn officers of the Sheriff and shall be primarily responsible for the security of the courthouse and its courtrooms. The court security officers shall be under the sole control of the sheriff of the county in which they are hired. No court security officer shall be subject to the jurisdiction of a Sheriff's Merit Commission unless the officer was hired through the Sheriff's Merit Commission's certified applicant process under Section 3-8010 of the Counties Code. They are not regular appointed deputies under Section 3-6008. The position of court security officer shall not be considered a rank when seeking initial appointment as deputy sheriff under Section 3-8011.
    Every court security officer hired on or after the effective date of this amendatory Act of 1996 shall serve a probationary period of 12 months during which time they may be discharged at the will of the Sheriff.
(Source: P.A. 99-10, eff. 1-1-16.)

Con't

## Count 1

(a) Employer practices It shall be unlawful for an employer - (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

In addition to Count 1. The Plaintiff also do hereby states that with respect to ADEA Title 29-Chapter 14 as its relates to continued training. To which Defendant #1 along with Defendant #2,#3 has by nature no inclusionary continuing standard of training in law Enforcement. With respect to the Plaintiff present day scenario although not retired, as shown in Exhibit #4 for which even Defendant #1 has attested to in a letter to other State official and have signed off on, as it relates to the case now also pending in the Northern District of Illinois being case # 15-cv-10265. The Plaintiff indicate in Count #2, the States Statutes offer no definitive aspect as to the position of Deputy Sheriff in Court Services of Street Units, which is more Law Enforcement Certifiable than Correction officer Certification Status.

## Count II

(a) Employer practices It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

29 U.S. Code § 630 - Definitions
(b)The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided, That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

**(k)**
The term "law enforcement officer" means an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of a State, including an employee engaged in this activity who is transferred to a supervisory or administrative position. For the purpose of this subsection, "detention" includes the duties of employees assigned to guard individuals incarcerated in any penal institution.

```
  (50 ILCS 705/8.1) (from Ch. 85, par. 508.1)
    Sec. 8.1. Full-time police and county corrections officers.
    (a) After January 1, 1976, no person shall receive a permanent appointment as a
law enforcement officer as defined in this Act nor shall any person receive, after
the effective date of this amendatory Act of 1984, a permanent appointment as a
county corrections officer unless that person has been awarded, within six months
of his or her initial full-time employment, a certificate attesting to his or her
successful completion of the Minimum Standards Basic Law Enforcement and County
```

Con't

Correctional Training Course as prescribed by the Board; or has been awarded a certificate attesting to his satisfactory completion of a training program of similar content and number of hours and which course has been found acceptable by the Board under the provisions of this Act; or by reason of extensive prior law enforcement or county corrections experience the basic training requirement is determined by the Board to be illogical and unreasonable.

    If such training is required and not completed within the applicable six months, then the officer must forfeit his position, or the employing agency must obtain a waiver from the Board extending the period for compliance. Such waiver shall be issued only for good and justifiable reasons, and in no case shall extend more than 90 days beyond the initial six months.
    (b) No provision of this Section shall be construed to mean that a law enforcement officer employed by a local governmental agency at the time of the effective date of this amendatory Act, either as a probationary police officer or as a permanent police officer, shall require certification under the provisions of this Section. No provision of this Section shall be construed to mean that a county corrections officer employed by a local governmental agency at the time of the effective date of this amendatory Act of 1984, either as a probationary county corrections or as a permanent county corrections officer, shall require certification under the provisions of this Section

(50 ILCS 705/10.1) (from Ch. 85, par. 510.1)
    Sec. 10.1. Additional training programs. The Board shall initiate, administer, and conduct training programs for permanent police officers and permanent county corrections officers in addition to the basic recruit training program. The Board may initiate, administer, and conduct training programs for part-time police officers in addition to the basic part-time police training course. The training for permanent and part-time police officers and permanent county corrections officers may be given in any schools selected by the Board. Such training may include all or any part of the subjects enumerated in Section 7 of this Act.
    The corporate authorities of all participating local governmental agencies may elect to participate in the advanced training for permanent and part-time police officers and permanent county corrections officers but nonparticipation in this program shall not in any way affect the mandatory responsibility of governmental units to participate in the basic recruit training programs for probationary full-time and part-time police and permanent county corrections officers. The failure of any permanent or part-time police officer or permanent county corrections officer to successfully complete any course authorized under this Section shall not affect the officer's status as a member of the police department or county sheriff's

office of any local governmental agency. The Board may initiate, administer, and conduct training programs for clerks of circuit courts. Those training programs, at the Board's discretion, may be the same or variations of training programs for law enforcement officers.

    The Board shall initiate, administer, and conduct a training program regarding the set up and operation of portable scales for all municipal and county police officers, technicians, and employees who set up and operate portable scales. This training program must include classroom and field training.

Con't

### In Summary

As shown above, the Plaintiff has made claims as to the Defendants actions to legislatively and departmentally lessen the ability of the Plaintiff when suited. The Plaintiff in conclusion states that he has proven the confusion and more to point the Discriminatory Acts of all Defendants in this matter before this Honorable Court and now seek the following remedy.

### Remedy

The Plaintiff seeks immediate Illinois Certification as a "Law Enforcement Officer", superseding that as a State Certified Correctional Officer; by the submission of the Waiver by Defendant #1 as provided by the Defendant #2 as shown in Exhibit #5 submitted with this complaint and approval by Defendant #2, in addition to court costs and filing fee.

**Respectfully Submitted**

Plaintiff        Calvin L. Fields
**Pro Se**

Dated        *10 MAR 2016*

Con't

## **Contact Information Of All Parties**

### **Plaintiff**

Calvin L Fields
110 E 165th street
Calumet City ,IL 60409
847-630-6436

### **Defendant #1**

Cook County Sheriff Tom Dart
50 W. Washington Rm #701
Chicago, IL 60602
312-603-6444

### **Defendant#2**

Illinois Law Enforcement Training Board
4500 South Sixth Street Road
Room 173
Springfield, IL 62703-6617
Voice (217) 782-4540
Fax (217) 524-5350

### **Defendant #3**

Office of The Illinois attorney General
Attorney General; Lisa Madigan
**Chicago Main Office**
100 West Randolph Street
Chicago, IL 60601
(312) 814-3000

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Calvin L. Fields
     110 E. 165th Street
     Calumet City, IL 60409

From:  Chicago District Office
       500 West Madison St
       Suite 2000
       Chicago, IL 60661

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-00203 | Zachary M. Florent, Investigator | (312) 869-8040 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*                12/17/15

Enclosures(s)

Julianne Bowman,
District Director

(Date Mailed)

cc:  Cook County Sheriff's Office
     c/o Julie Bisbee, Esq., Assistant General Counsel
     Richard J. Daley Center
     50 W. Washington
     Chicago, IL 60502

Exh. 6.4.1

## Side Letter of Agreement #3
## Law Enforcement Certification

### Between

### Teamsters Local No. 700

### And the

### County of Cook/Sheriff of Cook County

The Sheriff shall facilitate Deputies obtaining Law Enforcement Certification during the term of this Agreement. A protocol shall be mutually drafted and agreed upon with regard to such procedures.

will be disqualified and returned to their position in the Cook County Department of Corrections

- Must provide a Medical Release form completed by physician prior to taking the Physical Agility Test (PAT). Medical Release forms **MUST** be signed by a Physician, notarized, and presented at the time of the Physical Agility Test (PAT).

## Application Instructions

- Bid forms will be made available at the Chief of Courts Office located at 2650 S. California (1st floor) Chicago, Illinois 60608, Executive Director's Office located in Division V, 2700 South California Chicago, IL 60608, Each Divisional Superintendent Office and on the Sheriff's website: www.cookcountysheriff.org.

- **Bid form must be filled out completely and returned to the Chief of Courts Office – 2650 S. California, 1st floor, Chicago, Illinois 60608** - where it will be accepted and time-stamped. Submissions will be accepted during the following dates and times ONLY:

**01 Dec 2014 through 10 Dec 2014**
**between the hours of 0700-1600 Monday - Friday**

Bid forms will **not** be accepted outside of the dates and times listed above.

## Selection Process

All Candidates deemed QUALIFIED based on the minimum qualifications will then be ranked based on Seniority.

If two candidates have the same Seniority date the lower JDE number will take precedence.

**For further information regarding the above process, please refer to the Seniority Plus Bid Transfer procedure (Article J), which is posted on the Sheriff's website:** www.cookcountysheriff.org

iii.    Five (5) or more days of Department or Office of Professional Review discipline sustained within the previous twelve (12) months. In the case of a pending grievance or an open Office of Professional Review investigation in which the employee may receive a suspension of 5 days or more when concluded, or a suspension that would bring the member's number of suspension days to 5 or more within the previous 12 months, the member may be permitted to continue the transfer process under the following circumstances: If the discipline ultimately imposed by the Department or the Office of Professional Review equals 5 or more days, or would bring the member's number of suspension days to 5 or more within the previous 12 months, the Sheriff's Office may terminate the transfer process for the employee or, in the event of a completed transfer, return the employee to their former position.

iv.    The bargaining unit member must be authorized to carry a firearm by the Cook County Sheriff's Office; possess a valid Firearm Ownership Identification Card, and, while on duty, carry a firearm that meets the Sheriff's General Orders.

v.    The bargaining unit member will be subject a one-year probationary period. The Employer will only be able to transfer the employee back to CCDOC during this probationary period for just cause. The Union will have the right to arbitrate whether the employee was transferred back for just cause.

- Must possess a valid driver's license.
- Must be subject to a background check, which will include a criminal background and driver's license check.

## Requirements

Any selected candidate that fails to meet the requirements will be returned to their original merit rank of Correctional Officer and returned to the Department of Corrections.

- Must maintain compliance with Minimum Qualifications throughout bid and training process
- Must successfully complete four-week Deputy Sheriff training at Sheriff's Training Institute All selected candidate for bidding, vacation choices, etc. will have their seniority date adjusted to reflect their starting date within the Court Services Department.

- A Physical Agility Test (PAT) test will be conducted the first day of the required training. All selected candidates will be required to pass the enhanced Physical Agility Test (PAT), (standards will be included with bid form packet.) If the candidate fails to pass the PAT they

*Exhibit 2.*

## SENIORITY PLUS BID TRANSFER
## POSTING ANNOUNCEMENT
## CDS- SPBT-01-14

### Cook County Sheriff's Office
### Court Services Department

### Correctional Officer to Deputy Sheriff

### Summary

The Court Services Department provides security for all court facilities. Deputy Sheriffs have the responsibility of providing security for Judges and other court officials as well as jurors, handling prisoners, and screening all persons entering the courthouse to ensure that no illegal items or contraband are allowed into the secured facility. Other duties performed by Deputy Sheriffs include, but are not limited to, the service of summons, warrants, orders of protection, eviction orders, and all matters concerning Child Support Enforcement.

The Cook County Sheriff's Office will be offering the opportunity for a yet to be determined number of Merit Rank Correctional Officers to change their Merit Rank to Deputy Sheriff. Additional training will be required to meet the basic requirements for a Deputy Sheriff as set forth by the Cook County Sheriff's Training Institute.

**Minimum Qualifications** – Applicants or Candidates that fail to meet any one of the minimum qualifications listed below will be deemed NOT QUALIFIED.

- Must currently hold the rank of Correctional Officer.
- Must be on active and paid-duty status
- Must not be de-deputized or on duty-injury, disability, or a leave of absence.
- Must not have incurred any of the following:

    i.  Written disciplinary action for unauthorized absences or attendance violations within the last twelve (12) months, including violations of the Affirmative Attendance policy. If an employee wishing to transfer has a valid, pending grievance over an unauthorized absence or attendance violation that is the sole reason an employee is disqualified from the transfer process, the union may bring the grievance to an expedited 4th step hearing process and the Employer will hear it prior to making a decision about the employee's eligibility for the transfer. In the event the 4th step hearing officer denies the grievance, the union has the right to bring the grievance to expedited arbitration.

    ii. Seven (7) or more instances of tardiness within the last 18 months.

- All sections of the Internal Application must be completed.
- Internal Applications must be **submitted to the Bureau of Training & Education**. Internal Applications will **not** be accepted at any other location.

- Internal Applications will be received and time stamped on the following dates/time:

### Monday, September 28, 2015 – Tuesday, October 13, 2015

### Monday through Friday between the hours of 0800-1600

- Applications will **not** be accepted outside of the dates and time listed above.

**Selection Process**

Class size will be limited to twenty five (25) participants – The allotment of positions are as follows: Central Warrants Unit-3, Electronic Monitoring Unit -3, Emergency Response Team-3, SOIC-3, CIID-3, External Operations-2, Levy/Evictions-3, Civil Process-4, Bureau of Training-1. All Candidates deemed Qualified based on the Minimum Qualifications will be ranked based on seniority.

The most senior candidates from Central Warrants Unit-3, Electronic Monitoring Unit-3, Emergency Response Team-3, SOIC-3, CIID-3, External Operations-2, Levy/Evictions-3, Civil Process-4, Bureau of Training-1 will be selected for the Correctional Officer to Police Officer Training.

If a Department does not utilize all positions allocated, the remaining unfilled positions will be distributed to the Department(s) with the greatest demand.

**For further information regarding the above process, please refer to the Selective Training procedure which may be found on the Sheriff's website: www.cookcountysheriff.org.**

**In the event that you fail to successfully complete any one of the four PRE-P.O.W.E.R. Test requirements you will be disqualified from this training opportunity.**

**In the event that you fail to successfully complete any one of the four P.O.W.E.R. Test requirements after the re-test, it will result in your ineligibility from further consideration for a Law Enforcement Position (CO to PO or Sheriff's Police).**

**The Cook County Sheriff's Office prohibits all Unlawful Political Contacts and Unlawful Political Discrimination in all decisions related to any Employment Actions.**

SBOTE-15-03

### SELECTIVE TRAINING ANNOUNCEMENT
### SBOTE 15-03
Cook County Sheriff's Bureau of Training & Education

#### Correctional Officer to Police Officer Training

**Summary:**

The Cook County Sheriff's Office will be offering the Intermittent Correctional Officer to Police Officer Training class that will be open to twenty five (25) members of the Department. The allotment of positions are as follows: Central Warrants Unit-3, Electronic Monitoring Unit-3, Emergency Response Team-3, SOIC-3, CIID-3, External Operations-2, Levy/Evictions-3, Civil Process-4, Bureau of Training - 1. The training is designed to meet the basic requirements set forth by the Illinois Law Enforcement Training and Standards Board.

**Minimum Qualifications:** Applicants that fail to meet any one of the Minimum Qualifications listed below will be deemed Not Qualified.

- Must currently hold the rank of Deputy Sheriff/Correctional Officer for a minimum of one year.
- Must not be De-Deputized.
- Must not have received department or OPR discipline resulting in a suspension of more than four (4) days during the previous eighteen (18) months. Written reprimands for minor infractions such as tardiness may disqualify an applicant, but it is not automatic. Counseling will not disqualify an Applicant.
- Must be Authorized to Carry a Weapon by the Sheriff's Office and possess a valid FOID.
- Must possess a valid driver's license.
- Must be subject to a background check, which will include a criminal background and driver's license investigation.
- Must provide a Medical Release form completed by physician prior to taking the Pre- Police Officer Wellness Evaluation (POWER) Test.
- Must pass the Pre- Police Officer Wellness Evaluation (POWER) Test and Police Officer Wellness Evaluation (POWER) Test (standards will be included with Internal Application).
- Within the previous twenty four (24) months, must not have incurred one (1) or more Unpaid Unauthorized Activities, four (4) or more instances of an Attendance Pattern, which are not associated with any mitigating circumstances. Suspected Unpaid Unauthorized Activity will be verified by Personnel. Please refer to the definition of Unauthorized Activity in the Glossary of the Sheriff's Employment Action Manual, which is posted on the Sheriff's website.
- Must meet requirements as listed in Article M, which may be found on the Sheriff's website: www.cookcountysheriff.org.

**Application Instructions:**

Applicants must submit the following documents to the Bureau of Training & Education to be considered eligible for this training. Internal Applications will be **available** at the following three (3) locations:

- Chief Deputy's Office located in Room 705 Richard J. Daley Center, 50 W. Washington, Chicago, IL 60602
- Cook County Sheriff's Bureau of Training & Education at Moraine Valley Community College, 9000 W. College Pkwy., Palos Hills, IL Rm. A-146
- The www.cookcountysheriff.org website.

*Exhib. 6. 4 #3*

# THOMAS J. DART
## SHERIFF OF COOK COUNTY
### COOK COUNTY SHERIFF'S BUREAU
### OF TRAINING & EDUCATION

## MEMORANDUM

| | | |
|---|---|---|
| TO: | See Distribution | DATE: 25 SEP 15 |

| | |
|---|---|
| FROM: | Thomas Fleming Jr., Executive Director |
| | Cook County Sheriff's Bureau of Training & Education |

| | |
|---|---|
| SUBJECT: | Training Announcement SBOTE 15-03 |

The Cook County Sheriff's Office will be offering the Intermittent Correctional Officer to Police Officer Training class that will be open to twenty five (25) members of the Department. The allotment of positions are as follows: Central Warrants Unit-3, Electronic Monitoring Unit-3, Emergency Response Team-3, SOIC-3, CIID-3, External Operations-2, Levy/Evictions-3, Civil Process-4, Bureau of Training-1. The training is designed to meet the basic requirements set forth by the Illinois Law Enforcement Training and Standards Board. It is requested that the attached Training Announcement and Police Officer Wellness Evaluation (POWER) Test be posted within your Departments for 16 days **effective posting dates are 28 SEP 15 – 13 OCT 15.**

### Application Instructions:

Applicants must submit the following documents to the Bureau of Training to be considered eligible for this training. Internal Applications will be **available** at the following three (3) locations:

- Chief Deputy's Office located in Room 705 Richard J. Daley Center, 50 W. Washington, Chicago, IL 60602
- Cook County Sheriff's Bureau of Training & Education at Moraine Valley Community College, 9000 W. College Pkwy., Palos Hills, IL Rm. A-146
- The cookcountysheriff.org website

- All sections of the Internal Application must be completed.
- Internal Applications must be **submitted to the Bureau of Training & Education**. Internal Applications will **not** be accepted at any other location.

- Internal Applications will be received and time stamped on the following dates/time:

#### Monday, September 28, 2015 – Tuesday, October 13, 2015

#### Monday through Friday between the hours of 0800-1600

- Applications will **not** be accepted outside of the dates and time listed above.

## Selection Process

Class size will be limited to twenty five (25) participants – The allotment of positions are as follows: Central Warrants Unit-3, Electronic Monitoring Unit – 3, Emergency Response Team-3, SOIC-3, CIID-3, External Operations-2, Levy/Evictions-3, Civil Process-4, Bureau of Training -1. All Candidates deemed Qualified based on the Minimum Qualifications will be ranked based on seniority.

The most senior candidates from Central Warrants Unit-3, Electronic Monitoring Unit – 3, Emergency Response Team-3, SOIC-3, CIID-3, External Operations-2, Levy/Evictions-3, Civil Process-4, Bureau of Training -1 will be selected for the Correctional Officer to Police Officer Training.

If a Department does not utilize all positions allocated, the remaining unfilled positions will be distributed to the Department(s) with the greatest demand.

If you have any questions, please contact my office at (708) 974-5700.

*I Certify that no Political Reasons or Factors were considered in any decision I made or action I took related to this Employment Action. Further, I do not know of, or have any reason to believe that anyone else considered or took action based on Political Reasons or Factors with respect to this Employment Action.*

Thomas Fleming Jr., Executive Director
Cook County Sheriff's Bureau of Training & Education

Distribution:   Dr. Nneka Jones-Tapia, Executive Director, Department of Corrections
Matthew Burke, Chief of Staff, Department of Corrections
Kevin Connelly, First Assistant Chief Deputy Sheriff
Kelly Jackson, Chief of Civil Division
Kevin Ruel, Executive Director, Central Warrants Unit
John Blair, Executive Director, SOIC
Robert Egan, Compliance Officer

TF/mr

Exhibit #4



PHONE (312) 603-6444

# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS

RICHARD J. DALEY CENTER
50 W. WASHINGTON - ROOM 704
CHICAGO, IL 60602

**THOMAS J. DART**
SHERIFF

December 8, 2015

Via US Mail and Facsimile/E-mail

Kevin McClain
Executive Director
Illinois Law Enforcement Training
& Standards Board
4500 South Sixth Street Road - Room 173
Springfield, IL 62703-6617
F: 217-726-9539
E: Kevin.T.McClain@Illinois.gov

John Keigher
General Counsel
Illinois Law Enforcement Training
& Standards Board
4500 South Sixth Street Road - Room 173
Springfield, IL 62703-6617
F: 217-726-9539
E: John.Keigher@Illinois.gov

Sheriff Pat Hartshorn
Vermilion County Sheriff's Office
2 East South Street
Danville, Illinois 61832
F: 217-431-3781
E: PHartshorn@vermilionsheriff.org

Mayor Timothy Nugent
Village of Manteno
98 East Third Street
Manteno, Illinois 60950
F: 815-468-8240
E: tnugent@
villageofmanteno.com

Tim Becker
Athens Police Dept.
210 Dottie Bednarko Dr.
PO Box 268
Athens, IL 62613
F: 217-636-7949
E: TimBecker@
Athensll.org

John H. Schlaf
511 North Cherry Street
Galesburg, Illinois 61401
E: JSchlaf@knox.edu

Mayor Laurel Lunt Prussing
City of Urbana
400 South Vine Street
Urbana, Illinois 61801
E:llprussing@urbanaillinois.us

Darryl Stroud
University Park Police
Dept.
698 Burnham Drive
University Park, IL 60484

Sheriff Brent Fischer
Adams County Sheriff's Office
521 Vermont
Quincy, Illinois 62301
F: 217-227-2214
E: sheriff@co.adams.il.us

Tim Gleason
City Manager
City of Decatur
One Gary K Anderson Plaza
Decatur, Illinois 62523-1196
E: tgleason@decaturil.gov

Sheriff Richard Watson
St. Clair Co. Sheriff's
Office
700 North 5th Street
Belleville, Illinois 62220
E:Richard.Watson@co.st-
clair.il.us

Printed on Recycled Paper

Paul D. Williams
14719 Knob Hill Drive
Heyworth, Illinois 61745

Chief Jan W. Noble
Belvidere Police Department
615 North Main Street
Belvidere, Illinois 61008
E:noble@belviderepolice.com

Lisa Madigan
Attorney General
State of Illinois
100 W. Randolph
Chicago, Illinois 60601
E: CGroh@atg.state.il.us

John Escalante
Acting Superintendent
Chicago Police Department
3510 S. Michigan Avenue
Room 5112
Chicago, Illinois 60653
E: john.escalante@
chicagopolice.org

Director
Illinois Dept. of Corrections
1301 Concordia Court,
Box 19277
Springfield, Illinois 62702
E: Michael.r.lane@doc.
illinois.gov

Sean M. Cox
Special Agent-in-Charge
FBI, Springfield
900 E. Linton Avenue
Springfield, Illinois 62703
F: 217-757-3558
E: springfield@ic.fbi.gov

Dorothy Brown
Clerk of the Circuit Court Cook
County
Richard J Daley Center
50 West Washington Street
Chicago, Illinois 60602
E: lzethredge@
cookcountycourt.com

Michael Schlosser
Director
Police Training Institute
1004 South Fourth Street
Champaign, Illinois 61820-
6108
E: schlosser@illinois.edu

Director Leo Schmitz
Department of State Police
801 S. Seventh St.,
Ste. 1100S
Springfield, Illinois 62794-
9461
E: John_C_Thompson@
isp.state.il.us

RE:   Illinois Retired Officers Concealed Carry Program ("IROCC Program")

Dir. McClain, General Counsel and Board Members,

     We come together as legislators, law enforcement leaders, and sympathetic neighbors, to urge you to modify the Illinois Administrative Code as it relates to the Illinois Retired Officer Concealed Carry Program ("IROCC Program"). Under the current Illinois Administrative Code language, as drafted in 2005 and interpreted by the ILETSB, retired Cook County Sheriff's Office Court Services deputies and correctional officers do not qualify as "retired law enforcement officers" for purposes of the IROCC Program.[1] As the administering authority of the IROCC Program, we understand and accept that the ILETSB controls the determination of those who qualify for the program and the issuance of IROCC cards. However, excluding Cook County Sheriff's Office Court Services deputies and correctional officers from the scope of the IROCC Program demonstrates a failure to recognize both the important role they play in public safety, as well as the dangers they encounter every day on the job.

---

[1] 20 Ill. Admin. Code Part 1720, Subpart C.

While ensuring the safe operation of Cook County's judicial and correctional systems, Cook County Sheriff's Office Court Services deputies and correctional officers come into daily and repetitive contact with individuals arrested for, and often convicted of, criminal activity. These Court Services deputies and correctional officers often secure the same offenders day in and day out. Moreover, given the scope of the Cook County criminal justice system, Cook County Sheriff's Office Court Services deputies and correctional officers are reasonably likely to encounter individuals who have been detained at the Cook County Department of Corrections ("CCDOC") or came through their assigned court rooms in the community.

The federal government anticipated the risk to these officers' personal safety when it defined "law enforcement officer" under the Law Enforcement Officers Safety Act ("LEOSA")[2] to include those authorized to "engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law…"[3] Clearly, under LEOSA, the job duties of Cook County Sheriff's Office Court Services deputies and correctional officers fall within the definition of "law enforcement officer." Yet, the Illinois Administrative Code's language overly narrows LEOSA's application in Illinois, unnecessarily excluding Cook County Sheriff's Office Court Services deputies and correctional officers. The resulting inconsistency between the Illinois Administrative Code and LEOSA is both confusing and unfair. The eligibility requirements for the IROCC Program must be clear, consistent, and fulfill the purposeful intent of the federal law, LEOSA.

The Cook County Sheriff's Office Court Services deputies and correctional officers place their own safety at risk, even after retirement, through their daily work securing the county's courthouses and the CCDOC. Considering that, in 2014, gun related deaths of U.S. law enforcement increased by fifty-six percent (56%) compared to 2013 and approximately one third of these officers were killed in ambush-style attacks, this is an issue we cannot ignore.

Cook County's law enforcement needs are distinct from any other county in Illinois. Thus, the Cook County Sheriff's Office is unique among Illinois sheriff's offices in that all Court Services deputies and CCDOC correctional officers are deputized and have the statutory power of arrest. Additionally, in Cook County, Court Services deputies and CCDOC correctional officers complete the same statutorily mandated firearms training as police officers.[4] Given Cook County's exceptionality in Illinois, our request is only to expand the scope to include Cook County Sheriff's Office Court Services deputies and correctional officers in Cook County. We have enclosed proposed language that would remedy this problem and allow Cook County Sheriff's Office Court Services deputies and correctional officers to be eligible for IROCC.

In sum, we respectfully urge both the ILETSB and JCAR to support an amendment to the Illinois Administrative Code that mirrors the definition of "qualified retired law enforcement officer" contained in the federal LEOSA, and thereby clarifying the IROCC Program's eligibility requirements to include Cook County Sheriff's Office corrections and court services sworn staff.

---

[2] 18 USC §926C.

[3] 18 USC §926C(c)(2)

[4] Peace Officer and Probation Officer Firearm Training Act, 50 ILCS 710/1, et seq.

3

Sincerely,

Thomas J. Dart
Sheriff of Cook County

Rep. John Anthony
Illinois House – 75th District

Rep. Frances Hurley
Illinois House – 35th District

Sen. Thomas Cullerton
Illinois Senate – 23rd District

Rep. Robert Rita
Illinois House – 28th District

Sen. Tony Munoz
Illinois Senate – 1st District

Sen. Steven Landek
Illinois Senate – 12th District

Rep. John Cabello
Illinois House – 68th District

Comm. John Daley
Cook County Commissioner

Sen. Bill Cunningham
Illinois Senate – 18th District

Sen. Michael Hastings
Illinois Senate – 19th District

Rep. Michael Zalewski
Illinois House – 23rd District

Rep. Brandon Phelps
Illinois House – 118th District

Rep. Daniel Burke
Illinois House – 1st District

Rep. Dan Beiser
Illinois House. – 111th District

Rep. Larry Walsh, Jr.
Illinois House – 86th District

Rep. Jay Hoffman
Illinois House – 113th District

Exhibit #5



## Illinois Law Enforcement Training and Standards Board
### Kevin T. McClain, Executive Director
4500 South 6th St Road, Rm 173 ● Springfield, Illinois 62703-6177
Telephone 217/782-4540 ● TDD 217/524-5711 ● Fax 217/524-5350

### Request Waiver of Minimum Training Standards
#### 50 Illinois Compiled Statutes Act 705

| Please Select One: | ☐ Law Enforcement | ☐ Correctional | ☐ Court Security |
|---|---|---|---|
| Please Select One: | ☐ Full Time | | ☐ Part Time |

| Agency Name and Address (Please Type) | Name (Last, First, Middle Initial) |
|---|---|
| | |
| | Social Security Number: |
| | Position: |

### A completed Form E, Notice of Appointment card, ***must*** accompany waiver request.

| ☐ | Successful Completion of the Illinois Basic Course prescribed by the Board and passed the Certification Exam. (**attach copy of Certification**) |
|---|---|
| ☐ | Extensive prior law enforcement, corrections or court security experience which makes the basic training requirements "illogical and unreasonable" (**attach a summary of prior experience applicable to the specific position, giving dates of employment, department employed by, work assignment, hours per week, and length of service**). |

#### Certification/Verification

As the Chief Administrator and Employer of the officer named herein, I am requesting a Waiver of the Training Requirements under the provisions of the Public Act. **In so doing, I am verifying that the above officer is currently employed with this agency and that the information contained herein is complete and accurate. The above officer has been subjected to a criminal and character background investigation, including the use of fingerprint cards processed through the Department of State Police and the Federal Bureau of Investigation and such investigation has revealed no conviction or crime involving moral turpitude (attach any arrest record). I attest that the above officer is of good character.**

Type Name of Agency Administrator _____ Telephone _____

Signature of Agency Administrator _____ Date _____

### For Completion By The Executive Director of the Board Only

Your request for a waiver of the Minimum Training Standards for the officer listed above has been granted based upon the following:

| ☐ Waiver Request Granted | ☐ Law Enforcement | ☐ Correctional | ☐ Court Security |
|---|---|---|---|

| ☐ Successful completion of Basic Recruit Training and the State Certification Exam or Part-Time Basic Training Course (STTAR/PEP included) and State Certification Exam. <br> ☐ Previous training and experience. <br> ☐ Successful completion of the Board's Intern Basic Training Course. | These conditions must be completed within ***six months*** of the date of appointment. <br> ☐ Successful completion of the 24-40-Hours Illinois Mandatory Firearms Training Course per statutory requirement. <br> ☐ Successful completion of the Illinois Law Enforcement Officers Equivalency Examination. <br> ☐ Successful completion of the Board's 80 hour Transition Course. <br> ☐ Successful completion of the Board's Illinois Law for Police Course. |
|---|---|

☐ Conditions of the Corrections Training Waiver is dependant on verification by the Sheriff that this officer received a thorough indoctrination of the Illinois County Jail Standards and Correctional Law.

☐ **Waiver Request Denied**

Your request for a waiver of the Minimum Training Standards for the officer listed above has been **denied**. The officer **must complete** the Recuit Basic Training course within statutory time limits at one of the Board's certified training academies or mobile team units as applicable.

Executive Director _____ Date _____